# CERTIFICATION OF RECORD

STATE OF MISSISSIPPI
COUNTY OF WARREN

I, Shelly Ashley-Palmertree Clerk of the Circuit and County Court of Warren County, Mississippi, do hereby certify that the attached papers are true and correct copy of all papers filed in civil action No. 10,0095-CI on the Civil Docket of the Circuit Court of Warren County, Mississippi, in an action styled Diane N. Sanders VS. Wal-Mart Stores, Inc.

And I further certify that the said Circuit Court is a court of record with and official seal and that I am the clerk of the said Circuit Court and the custodian of the records and seal of said court.

In testimony where of I have here unto set my hand and affixed the seal of said court in the city of Vicksburg, on the 2nd. Day of August 2010.

Shelly Ashley-Palmertree, Circuit Clerk

By: _____ D.C.

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

DIANE N. SANDERS      PLAINTIFFS

VS.      CAUSE NO. 10,00950 CI

WAL-MART STORES, INC.      DEFENDANTS

FILED JUL 0 1 2010 SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK BY _____ D.C.

## COMPLAINT

NOW COMES Diane N. Sanders, plaintiff, and files herewith this Complaint against the defendant, Wal-Mart Stores, Inc ( hereinafter "Wal-Mart", or "the defendant") who would aver as follows:

### I.

Plaintiff is an adult resident citizen of Hinds County, Ms., residing at 5051 Fisher Ferry Road, Utica, MS.

### II.

The defendant, Wal-Mart, is a foreign corporation authorized to do and is doing business in the State of Mississippi in general and, in particular, doing business at its store located in Vicksburg, Warren County, MS., which defendant owns, operates and maintains. Process may be had on the defendant, Wal-Mart, Inc., by service upon its Registered Agent, C T Corporation System, 6545 Lakeland Drive, Flowood, Ms. 39232.

### III.

On the 13th day of July, 2007, Diane Sanders entered into the defendant's business in Vicksburg, Mississippi as a business invitee of the defendant for the purpose of shopping.

### IV.

Plaintiff had purchased several items at defendant's store and placed them in a grocery cart provided by defendant. Plaintiff entered the check-out register, paid for the several items she had selected and was exiting, with due care, the check out line in the vicinity of the cash register when her foot suddenly slipped from under her causing her to fall hard onto the concrete floor.

### V.

Plaintiff and her companion behind her, being her daughter Ocean Clay, ascertained that the

floor where plaintiff slipped had fallen was wet and slippery due to the presence of a liquid area resembling a dark soft drink.

## VI.

When plaintiff's daughter complained to the cashier who had checked-out plaintiff about why the liquid had been allowed to remain in a traffic area the cashier, whose name is unknown to plaintiff, responded that she knew of the spill but that cleaning it was not her job. Several other of the defendants employees were in the immediate area also.

## VII.

Plaintiff would show that defendant was negligent and that such negligence was the proximate reason of the injuries and resulting damages suffered by plaintiff as follows:

    a. By failing to maintain the premises.

    b. By failure to give warnings to plaintiff of the dangerous condition.

    c. By failure to properly inspect and maintain the area in question.

    d. By failure to maintain the area in question after actual knowledge of the existence of the hazard through its employees.

## VIII.

The failure to properly maintain the dangerous area aforesaid where defendant actually knew, through its employees for whom defendant is responsible, the failure of said employees to warn plaintiff of the existence of the hazard and the failure of defendant's other employees to maintain the area or to exercise reasonable care to ascertain the existence thereof, constitutes willful and wanton gross negligence such that punitive damages should be awarded against defendant for its acts and omissions.

## IX.

As a direct and proximate result of the negligence of the defendant, his agents and employees, plaintiff has received grave, serious and permanent injuries, and the following claims for relief are demanded of and from the defendant:

    a. Judgment for all past and future medical expenses.

b. Judgment for past and future physical and emotional pain and suffering.

c. Judgment for plaintiff's loss of enjoyment of life.

d. Judgment for punitive damages for defendant's wanton and willful disregard for the safety and well-being of the plaintiff; and

e. Any and all general and specific relief deemed proper by the Court.

WHEREFORE, premises considered, plaintiff demands judgment of and from the defendant for both compensatory damages and punitive damages in such amounts as may be assessed and determined by a jury of her peers, together with all costs and legal interest.

Respectfully submitted this 30th day of June, 2010.,

DIANE N. SANDERS

By: _____
WREN C. WAY, her attorney

OF COUNSEL:
WREN C. WAY, MSB # 7006
WAY, FIELD & BODRON
1001 Locust Street
P.O. Box 1113
Vicksburg, MS 39180
(601)-634-8968

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

DIANE N. SANDERS **PLAINTIFFS**

VS. CAUSE NO. 10,0095-CI

WAL-MART STORES, INC. **DEFENDANTS**

STATE OF MISSISSIPPI
COUNTY OF WARREN

### SUMMONS

To any Sheriff or any other person authorized by Rule 4(b)(2) of the Mississippi Rules of Civil Procedure:

You are hereby commanded to serve this Summons and a copy of the Complaint, in this action upon: **WAL-MART STORES, INC., whose Registered Agent is: C T CORPORATION SYSTEM, 645 Lakeland Drive, Flowood, Mississippi, 39232** by (A) promptly locating the said person and handing to him a copy of the Summons and Complaint/Petition or, (B) in the event you are unable to so proceed because the person cannot be found, by leaving a copy of the Summons and Complaint/Petition at the person's usual place of abode with his/her spouse or some other person of Defendant's family above the age of sixteen years who is willing to receive same.

### NOTICE TO RESPONDENT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Wren C. Way, the attorney for the Petitioner, whose street address is 1001 Locust Street, Vicksburg, Mississippi 39183. **Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.**

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 1 day of July, 2010.

Shelley Ashley-Palmertree,
Circuit Clerk Of
Warren County, Mississippi

BY: _____
Deputy

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Warren County

Case # 10,0095-CI          Acct #           Paid By CHECK        Receipt No. 57481

| | |
|---|---:|
| CLERK FEE | 85.00 |
| JURY TAX | 3.00 |
| COURT ADM | 2.00 |
| COURT REPORTER | 10.00 |
| LAW LIBRARY | 2.50 |
| COURT CONSTITUENT | .50 |
| STATE COURT ED | 2.00 |
| COMPR COURT FUND | 10.00 |
| CIVIL ASSIST FUND | 5.00 |
| Total | $120.00 |

Payment received from

Transaction  38522 Received  7/ 1/2010 at 10: 7 Drawer  1 I.D. KS

Account Balance Due   0.00            Receipt Amount        $120.00

By _____ D.C. Shelly Ashley-Palmertree, Circuit C

Case # 10,0095-CI          Acct #           Paid By CHECK        Receipt No. 57481

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Revised 5/1/2000)

Court Identification: 9 5 9 CI 2 0 1 0 0 0 9 5 / CI

Month/Date/Year: 0 4 0 1 1 0

*This area to be completed by Clerk*   Case Number if filed prior to 1/1/94

In the **Circuit** Court of **Warren** County

Short Style of Case: **Diane N Sanders v. Walmart Stores**
Party Filing Initial Pleading: Type/Print Name **Wren C Way**  MS Bar No. **7006**
Signature: **Wren C Way**

___ Check (✓) if Not an Attorney    ___ Check (✓) if Pro Hac Vice
Compensatory Damages Sought: ___    Punitive Damages Sought: ___
Is Child Support contemplated as an issue in this suit? ___Yes ___No

**PLAINTIFF**
Individual: Last Name **Sanders**  First Name **Diane**  Maiden Name ___ Middle Init. **N**  Jr/Sr/III/IV ___

**DEFENDANT**
(blank)

**ATTORNEY FOR THIS DEFENDANT:** ___  Bar No. Or Name: ___  Pro Hac Vice (✓) ___

*Nature of suit checklist — Torts-Personal Injury: Negligence - General (checked)*

# IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

DIANE N. SANDERS                            PLAINTIFF

VS.                                          CAUSE NO. 10,0095 CI

WAL-MART STORES, INC.
                                                       DEFENDANT

## NOTICE TO CLERK OF FILING NOTICE OF REMOVAL

TO:    Shelly Ashley-Palmertree, Clerk
        Circuit Court of Warren County
        P. O. Box 351
        Vicksburg, MS 39181

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Southern District of Mississippi, Western Division, of the above styled case, in accordance with the provisions of Sections 1332, 1441, and 1446 of Title 28 of the United States Code. This action is one of a civil nature of which the United States District Court had jurisdiction when filed and now has original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit "A."

Respectfully submitted, this the 26th day of July, 2010.

                                                Respectfully submitted,

                                                **WAL-MART STORES, INC.**

                                                By: _____
                                                     Thomas M. Louis (MSB #8484)
                                                     Shanda M. Yates (MSB #102687)

OF COUNSEL:
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0313
Telephone:   601-605-6900
Facsimile:    601-605-6901

**FILED**

JUL 28 2010

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____D.C.

## CERTIFICATE OF SERVICE

I, Shanda M. Yates, do hereby certify that a true and correct copy of the above and foregoing document has been sent via first class mail, postage prepaid, to the following:

Wren C. Way, Esq.
Way, Field & Bodron
P. O. Box 1113
Vicksburg, MS 39180

**ATTORNEY FOR PLAINTIFF**

So certified, this the 26th day of July, 2010.

_____
Shanda M. Yates

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

DIANE N. SANDERS                                                      PLAINTIFF

VS.                                               CAUSE NO. _____

WAL MART STORES, INC.                                         DEFENDANT

## NOTICE OF REMOVAL

**COME NOW** Wal Mart Stores, Inc., incorrectly designated as the proper Defendant, and Wal-Mart Stores East, LP, the proper Defendant ("Wal-Mart"), by and through counsel and without waiving any objections to venue or any other defenses, including any Rule 12(b) defenses file their Notice of Removal of this action from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division, and, in support thereof, would show unto the Court the following:

## COMPLAINT

1.     On or about July 1, 2010, the Plaintiff filed a Complaint against Wal-Mart in the Circuit Court of Warren County, Mississippi, being civil action number 10,0095-CI, a copy of which is attached hereto as Exhibit A.

2.     In her Complaint, the Plaintiff alleges that she slipped and fell "in a wet and slippery substance that "resembl[ed] a dark soft drink." Ex. A ¶V Plaintiff alleges that Wal-Mart was negligent in the following ways: failing to maintain the premises; failing to warn of the alleged dangerous condition; failing to properly inspect the premises. Ex. A ¶VII The Plaintiff seeks an unspecified amount of damages for past/present/future medical bills; past and future physical and emotional pain and suffering; loss of enjoyment of life; and all general and specific relief deemed



proper by the Court." Plaintiff also seeks an unspecified amount of punitive damages. Ex. A, ¶IX

# PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

**A.  This Case is Properly Removable**

3. This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have <u>original jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>District Court of the United States for the district or division embracing the place where such action is pending</u>. . . .

28 U.S.C. § 1441(a) (emphasis added).

4. As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a.  The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
> (1) citizens of different States. . . .

28 U.S.C. § 1441(a).

5. Additionally, the United States District Court for the Southern District of Mississippi, Western Division, is the district and division embracing the location of the state court where this suit is currently pending.

**B.  This Removal is Timely**

6. Pursuant to 28 U.S.C. §1446 (b), a notice of removal can be filed within thirty (30)

2

days after receipt by the defendant "through service or otherwise, a copy of an the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . " 28 U.S.C. §1446 (b).

7. Wal-Mart was served with a copy of the Summons and Complaint on July 1, 2010. *See* Exhibit B.

8. Since Wal-Mart is removing this case within thirty days from July 1, 2010, this removal is timely.

C. **Required Documents Attached and Notice to Clerk Given**

9. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on Wal-Mart are attached hereto collectively as Exhibit B.

10. Additionally, contemporaneous with the filing of this Notice of Removal, Wal-Mart will file a copy of the same with the Clerk of the Circuit Court of Warren County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## DIVERSITY JURISDICTION EXISTS

11. As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **Diversity of Citizenship Exists**

12. According to the Complaint, the Plaintiff is an adult resident citizen of Utica, Mississippi. Complaint, Ex. A, at ¶ I.

13. Plaintiff has named Wal-Mart Stores, Inc., as a defendant in this action. At all times relevant to removal analysis, Wal-Mart Stores, Inc., has been a citizen of the States of Delaware and Arkansas. Specifically, Wal-Mart Stores, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.

14. Wal-Mart Stores East, LP, is a citizen of the States of Delaware and Arkansas. Specifically, Wal-Mart East, LP, is a limited partnership organized under the Delaware Revised Uniform Limited Partnership Act. Moreover, the principal place of business of Wal-Mart Stores East, LP, as well as that of its general and limited partners, WSE Management, LLC and WSE Investment, LLC, are all in Bentonville, Arkansas.

**B. Amount in Controversy Met**

15. Plaintiff's Complaint seeks an unspecified amount of punitive damages. Ex. A, ¶IX. Plaintiff's claims for an unspecified amount of punitive damages alone are sufficient to satisfy the jurisdictional amount. *See e.g. Montgomery v. First Family Financial Services, Inc.*, 239 F.Supp. 2d 600, 605 (S.D. Miss. 2002)(noting that federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction); *accord Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698 (S.D. Miss. 1988).

16. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart, requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Warren County, Mississippi, be hereby stayed.

This the ___ day of July, 2010.

Respectfully submitted,

WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

By: _____
Thomas M. Louis (MSB# 8484)
Shanda M. Yates (MSB# 102687)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:   (601) 605-6900
Facsimile:    (601) 605-6901

## CERTIFICATE OF SERVICE

I, Shanda M. Yates, do hereby certify that a copy of the above and foregoing has this day been sent, via United States Mail, postage pre-paid, to the following:

Wren C. Way, Esq.
Way, Field & Bodron
Post Office Box 1113
Vicksburg, MS 39180

Dated the 26th day of July, 2010.

_____
Shanda M. Yates

202554.1                                            5