# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DIANE N. SANDERS**                                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 5:10-CV-124 DCB-JMR**

**WAL-MART STORES, INC.**                                                       **DEFENDANT**

## WAL-MART'S MEMORANDUM BRIEF IN
## SUPPORT OF ITS MOTION TO DISMISS

COME NOW Wal-Mart Stores, Inc., improperly named as a Defendant, and Wal-Mart Stores East, LP, the proper Defendant, (Wal-Mart), by and through counsel, and hereby submit their Memorandum Brief in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37 and 41 and in support thereof would show unto the court the following, to wit:

1. The Plaintiff commenced this action on or about July 1, 2010, by filing her complaint in the Circuit Court of Warren County, Mississippi, being civil action number 10,00995 CI. Wal-Mart removed this case to this Court on July 26, 2010. [Doc. #1]

2. On November 8, 2010, Wal-Mart propounded Interrogatories and Requests for Production of Documents to Plaintiff [Doc #s 8 and 9].

3. On December 22, 2010, counsel for Wal-Mart sent a good-faith letter to counsel for Plaintiff requesting that Plaintiff's overdue discovery responses be submitted to Wal-Mart no later than January 5, 2011. Exhibit C to Wal-Mart's Motion to Compel [Doc. # 11].

4. On February 3, 2011, Wal-Mart was forced to file a Motion to Compel Plaintiff's discovery responses. [Doc. #11]

5. This Court entered a Text Order on February 7, 2011 granting Wal-Mart's Motion

to Compel and requiring Plaintiff to fully response to Wal-Mart's discovery requests prior to February 18, 2011.

6. On March 3, 2011, approximately two (2) weeks after the court-ordered deadline for Plaintiff to respond to Wal-Mart's discovery requests, Plaintiff still had not complied with the Court's order. As such Wal-Mart sent yet another letter to Plaintiff requesting that her discovery responses be provided to Wal-Mart no later than March 9, 2011. *See* Exhibit A to Motion to Dismiss.

7. To-date, Plaintiff has not provided responses to Wal-Mart's outstanding discovery requests nor has Plaintiff filed her Initial Disclosures as required by Fed. R. of Civ. Pro. 26(a)(1) and L.U. Civ. R. 26 (a)(1).

8. As outlined above, the Plaintiff has wholly failed to respond to Wal-Mart's discovery requests and/or comply with the Court's order and federal and local rules. Wal-Mart has been diligent in seeking the Plaintiff's discovery responses, but this diligence has been to no avail.

9. Plaintiff's failure to comply with federal and local discovery rules and requirements of this Court's prior order warrants dismissal of this action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

10. Rule 37 gives the trial court great latitude in deciding which sanctions to impose for a discovery violation. *See, e.g., Hunting v. Basf Corp.,* 398 Fed. Appx. 61 (5th Cir. 2010) (condoning and upholding district court's dismissal of plaintiff's case where plaintiff failed to comply with discovery process); *Sledge v. Marshall County Sheriff Dept.,* 2011 WL 744642 (N.D. Miss. Feb. 9, 2011) (dismissing case where plaintiff failed to comply with court's discovery order); *Calhoun v. Clinton Public School Dist.,* 2010 WL 1233420 (S.D. Miss. March 25, 2010) (same).

11. Wal-Mart has attempted to diligently conduct discovery in this action. However, the Plaintiff's failure to adhere to the dictates of the Federal Rules of Civil Procedure as well as this Court's prior Order has effectively prevented Wal-Mart from proceeding with its defense of this action.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart respectfully requests that the Plaintiff's Complaint be dismissed pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 14th day of March, 2011.

> **WAL-MART STORES, INC., and**
> **WAL-MART STORES EAST, LP**
>
> By: */s/ Shanda M. Yates*
> Thomas M. Louis (MSB No. 8484)
> Shanda M. Yates (MSB No. 102687)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
P. O. BOX 131
JACKSON, MS 39205-0131
TELEPHONE: (601) 605-6900
FACSIMILE: (601) 605-6901
tlouis@wellsmar.com
syates@wellsmar.com

**CERTIFICATE OF SERVICE**

     I, Shanda M. Yates, do hereby certify that I have this day electronically filed the foregoing pleading using the Court's ECF System, which delivers a copy by email to the following:

Wren C. Way, Esq.
Way, Field & Bodron
Post Office Box 1113
Vicksburg, MS 39180


SO CERTIFIED this the 14th day of March, 2011.

                                                    */s/ Shanda M. Yates*
                                                  Shanda M. Yates