**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DIANE N. SANDERS**                                                                                    **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 5:10-CV-124 DCB-JMR**

**WAL-MART STORES, INC.**                                                                       **DEFENDANT**

**MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION**

COME NOW Wal-Mart Stores, Inc., an improper party, and Wal-Mart Stores East, LP, the proper party ("Wal-Mart"), by and through counsel of record, and files this their Motion to Strike Plaintiff's Expert Designation pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Uniform Local Rule 26.1(2) and, in support thereof, would show unto the Court as follows:

1. Pursuant to the Court's Initial Case Management Order, the deadline for Plaintiff to designate experts was February 1, 2011. [Doc. # 6]

2. On April 25, 2011, the Court entered a Text Order granting an extension of certain deadlines, including the deadline for Plaintiff to designate experts. Pursuant to the Court's April 25, 2011 Order, Plaintiff's deadline to designate experts was extended until May 1, 2011.

3. The discovery deadline was also extended until September 1, 2011 by the Court's April 25, 2011 Order.

3. Plaintiff did not file a Designation of Experts in this matter. In fact, the only information provided by Plaintiff about potential experts in this case was contained in Plaintiff's Responses to Wal-Mart's First Set of Interrogatories:

> INTERROGATORY NO. 6:   Identify each and every expert who has been consulted or retained relative to the cause of action and identify the subject matter upon which the expert is expected to testify, the substance of the facts and opinions of which the expert is expected to testify and a summary of the grounds for each opinion.

> RESPONSE:  The only experts were the doctors and the EMR workers.

*See,* Exhibit A.

4.      Plaintiff's discovery response does not identify the doctors by name nor does it specify whether they are Plaintiff's treating physicians or doctors who were specially retained to offer opinions.  However, even assuming that Plaintiff did intend to designate only her "treating physicians," the purported expert designation is still insufficient and should be stricken.[1]

5.      Uniform Local Rule 26(1)(A)(2)(d) provides that with respect to treating physicians, a party is "only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor."  However, as noted above, Plaintiff has provided nothing, not even the names, pertaining to the "doctors" she identified in her discovery responses.   Such an attempt at an expert designation is woefully insufficient, even if Plaintiff was attempting to designate these experts in their limited capacity as treating physicians.  *See Tillman v. Southern Wood Preserving of Hattiesburg, Inc.,* 2008 WL 4066917 (S.D. Miss. Aug. 27. 2008) and *Brister v. Martin,* 2007 WL 1152906 (S.D. Miss. April 18, 2007) (striking expert designation where designation did not provide full disclosure of information as required by Federal and Uniform Rules).

---

[1] If the "doctors" referenced by Plaintiff are retained experts, Plaintiff's attempted designation is even more inadequate.  Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that an expert witness disclosure "must be accompanied by a written report - prepared and signed by the witness" and must contain: (i) a complete statement of all opinions of the witness; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid to the expert.  Plaintiff did not provide the names of the doctors she plans to call as experts, much less provide the information required by Rule 26(a)(2).

WHEREFORE, PREMISES CONSIDERED, Wal-Mart respectfully requests that the Court enter an Order striking Plaintiff's purported Designation of Expert Witnesses and preventing Plaintiff from offering any expert testimony or evidence at the trial of this matter.

**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, LP**

By: /s/  *Shanda M. Yates*
Thomas M. Louis (MSB #8484)
Shanda M. Yates (MSB #102687)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901

## **CERTIFICATE OF SERVICE**

I, Shanda M. Yates, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Wren C. Way, Esq.
Way, Field & Bodron
Post Office Box 1113
Vicksburg, MS 39180

**ATTORNEY FOR PLAINTIFF**

Dated this 13th day of September, 2011.

 /s/ *Shanda M. Yates*
Shanda M. Yates

3